UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KIMBERLY ANN BAKER,

                                                                   DECISION AND ORDER

                         Plaintiff,

                                                                     18-CV-6411L

          v.

ANDREW SAUL,
Commissioner of Social Security,

                         Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On August 29, 2014, plaintiff filed an application for Supplemental Security Income benefits, alleging an inability to work since August 29, 2014. Her application was initially denied. Plaintiff requested a hearing, which was held on January 11, 2017 before Administrative Law Judge ("ALJ") Conner O'Brien. (Administrative Transcript, Dkt. #8 at 85). The ALJ issued a decision on July 3, 2017, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #8 at 85-99). That decision became the final decision of the Commissioner when the Appeals Council denied review on April 11, 2018. (Dkt. #8 at 1-4). Plaintiff now appeals from that decision.

The plaintiff has moved (Dkt. #10), and the Commissioner has cross moved (Dkt. #18) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below,

the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

## DISCUSSION

### I. Relevant Standards

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).

Where, as here, the alleged nonexertional impairments include substance abuse, the inquiry "does not end with the five-step analysis." *Cage v. Commissioner*, 692 F.3d 118, 122 (2d Cir. 2012). A claimant is not considered disabled if substance abuse is a contributing factor that is material to a determination that the individual is disabled. *Id.* As such, if the ALJ determines that a claimant is disabled, and the record contains medical evidence of substance abuse, the ALJ must proceed to determine whether the substance abuse is a "contributing factor material to the determination of disability" – that is, whether the claimant would still be found disabled if she "stopped using drugs or alcohol." *Lovelace v. Colvin*, 2016 U.S. Dist. LEXIS 103187 at *23-*24 (S.D.N.Y. 2016) (quoting 20 CFR §§ 404.1535(a), 404.1535(b)(1), 416.935(a), 416.935(b)(1)). The claimant bears the burden of proving that drugs and/or alcohol are not material to the disability determination – that is, that even in the absence of drug or alcohol abuse, the claimant would still be disabled. *Cage*, 692 F.3d 118 at 121-23. If the claimant fails to make this showing, and would *not* be disabled in the absence of drug and/or alcohol abuse, the ALJ continues through the remainder of the traditional five-step analysis.

The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

**II.   The ALJ's Decision**

Here, the ALJ found that the plaintiff had severe impairments, consisting of opiate dependence, cocaine dependence, bipolar disorder, anxiety, and personality disorder, which did not meet or equal a listed impairment. Applying the special technique, the ALJ found that when abusing controlled substances, plaintiff has moderate limitations in understanding, remembering and applying information, moderate limitations in interacting with others, marked limitations in her ability to concentrate, persist and maintain pace, and moderate limitations in her ability to adapt or manage herself. (Dkt. #8 at 89). The ALJ determined that *with* substance abuse, plaintiff retained the RFC to perform light work, except that plaintiff can never climb ropes, ladders or scaffolds; can never balance on narrow, slippery or moving surfaces; can only occasionally stoop to the floor; can only occasionally tolerate exposure to extreme cold, heat, wetness, humidity and airborne irritants; can perform only simple unskilled tasks; can tolerate only occasional changes to the work setting and make simple work-related decisions; can fulfill daily goals but not maintain a fast-paced automated production rate; can never interact with the public or perform teamwork; requires three short, unscheduled, less-than-five-minute breaks in addition to regularly-scheduled breaks; and will be off-task or absent on an average of two days per month. (Dkt. #8 at 90). When the ALJ presented this hypothetical to vocational expert Dawn Blythe at plaintiff's hearing, the vocational expert opined that there were no jobs in the national economy that such an individual could perform. *Id.*

3

The ALJ next examined the materiality of plaintiff's substance abuse, and determined that if plaintiff *stopped* abusing controlled substances, plaintiff would continue to have moderate limitations in understanding, remembering or applying information, would continue to have moderate limitations in interacting with others, would have only moderate limitations in the ability to concentrate, persist, or maintain pace, and would have only mild limitations in her ability to adapt or manage herself. (Dkt. #8 at 95).

In light of plaintiff's mild-to-moderate nonexertional limitations, the ALJ found that *without* substance abuse, the plaintiff has the RFC to perform light work, except that plaintiff can never climb ropes, ladders or scaffolds; can never balance on narrow, slippery or moving surfaces; can only occasionally stoop to the floor; can tolerate only occasional exposure to extreme cold, heat, wetness, humidity and airborne irritants; can perform only simple unskilled tasks; can adjust to no more than occasional changes in the work setting; can make simple work-related decisions; can fulfill daily goals but cannot maintain a fast-paced automated production rate; can never interact with the public or perform teamwork; requires three short, unscheduled, less-than-five-minute breaks in addition to regularly scheduled breaks; and requires additional off-task breaks that add up to no more than 10% of the workday. (Dkt. #8 at 96).

When presented with a hypothetical encompassing this RFC at plaintiff's hearing, the vocational expert testified that a person of plaintiff's age (then thirty), education (high school), and work experience (none), with this RFC, could perform the representative light, unskilled positions of mail clerk, garment folder, and photocopy machine operator. (Dkt. #8 at 98).

### III. Plaintiff's Contentions

#### A. Assessment of the Medical Opinions of Record

Plaintiff first argues that the ALJ committed legal error when she purported to assign "great weight" to the opinions of plaintiff's treating psychiatrist, Dr. Anca Seger and treating licensed clinical social worker, Ms. Tammie Raucci, but failed to adequately incorporate the limitations they described into her RFC finding. Specifically, plaintiff notes that Dr. Seger opined in April 2015 (and Ms. Raucci opined in July 2015) that plaintiff was only capable of part-time work, and an August 2016 opinion by Ms. Raucci stated that plaintiff was capable of nothing except for participating in treatment. (Dkt. #8 at 774, 778, 782). Dr. Seger's opinion also limited plaintiff to a low-stress, supportive environment with an allowance for extra time on tasks, with no exposure to high stress, a fast pace, or large groups of people. (Dkt. #8 at 772-75).

Initially, Dr. Seger's and Ms. Raucci's opinions concerning plaintiff's ability to perform part-time work were limited to a temporary period of 2-3 months, and would not satisfy the 12-month durational requirement for disability. Furthermore, those opinions, and Ms. Raucci's opinions that plaintiff could perform no work at all, amount to conclusions on the ultimate issue of disability that the ALJ was within her discretion to ignore. *See e.g.*, *Judd v. Berryhill*, 2018 U.S. Dist. LEXIS 205177 at *16 (W.D.N.Y. 2018).

It is well settled that an ALJ's decision need not "reconcile explicitly every conflicting shred of medical testimony." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983). Moreover, the Court finds no appreciable disconnect between Dr. Seger's opinion limiting plaintiff to low-stress work in a supportive environment with extra time, no fast pace, and no interaction with large groups, and the ALJ's RFC finding, which included limitations to simple, unskilled work with no more than occasional changes, simple decision-making, no fast-paced

5

production rate work, no interaction with the public, no teamwork, three short unscheduled daily breaks in addition to regularly scheduled breaks, and additional, "off task" breaks adding up to no more than 10% of the work day. The limitations and breaks imposed by the ALJ appear to have been intended to address the plaintiff's limitations with respect to stress, additional time, and interpersonal interactions that Dr. Seger described, and are appropriately-tailored to accommodate those limitations.

Plaintiff also argues that the ALJ failed to sufficiently support the "some weight" given to the opinion of consultative psychologist Dr. Adam Brownfeld, who opined in December 2014 that plaintiff was markedly limited in making appropriate decisions, relating adequately with others, and dealing appropriately with stress. (Dkt. #8 at 433-37).

The Court disagrees. The record indicates that in the period after Dr. Brownfeld's December 2014 examination – which took place approximately 4 months after plaintiff began abstaining from controlled substances while she was still in "early remission" – plaintiff's symptoms became more stable thereafter, in response to regular psychiatric therapy and medication. *See e.g.*, Dkt. #8 at 628-96 (January 13, 2015 – August 19, 2016 treatment notes reporting appropriate grooming, appropriate behavior and speech, appropriate judgment, cooperative attitude, goal-directed thought, and intact memory and orientation, despite 3/5 insight, depressed and/or anxious mood, and periodic thoughts of self-harm).

Furthermore, the ALJ's RFC finding did include limitations in the areas where Dr. Brownfeld found "marked" difficulties: relating adequately to others, making appropriate decisions, and appropriately dealing with stress. Specifically, the RFC limited plaintiff to simple, unskilled tasks with no more than occasional changes, simple work-related decisions, no fast-paced production rates, no public interaction, no teamwork, and significant additional

6

allowances for unscheduled daily breaks and off-task time. (Dkt. #8 at 97-98). In short, I find that the ALJ did not overlook Dr. Brownfeld's opinion, that her explanation for declining to grant it more than "some" weight was sufficient, that the RFC determination with respect to the areas where Dr. Brownfeld found limitations was supported by substantial evidence, and that the record does not otherwise compellingly support the marked limitations opined by Dr. Brownfeld.

### B. The ALJ's Materiality Finding

Plaintiff also argues that the ALJ's assessments were tainted by the ALJ's failure to note that plaintiff had been in a period of abstinence from controlled substances, beginning in or about August 5, 2014. *See e.g.*, *Mullen v. Berryhill*, 2017 U.S. Dist. LEXIS 9833 at *9 (W.D.N.Y. 2017) ("evidence from a period of abstinence is the best evidence for determining whether a physical impairment would improve to the point of non-disability"). Plaintiff thus believes that the ALJ erred in finding that plaintiff's substance abuse was "material" to the issue of disability, because plaintiff was sober throughout the period under review.

The Court disagrees. It does not appear that the ALJ overlooked plaintiff's abstinence in finding that substance abuse was a factor that was material to the issue of disability, or in making her RFC determinations: to the contrary, the ALJ explicitly noted that plaintiff had last used controlled substances in or around June of 2014 (prior to her application date), was in steady remission throughout 2015, and maintained sobriety in 2016. (Dkt. #8 at 92, 97). The ALJ also considered that plaintiff received treatment for ongoing addiction-related cravings during the period of alleged disability, and took note of plaintiff's periods of improvement during her remission. *See* Dkt. #8 at 736 (November 8, 2016 mental health treatment note: "[plaintiff's] work history was reviewed and *she reported that her substance use was her main barrier to work in the past*") (emphasis added). *See also* Dkt. #8 at 628-96 (January 13, 2015 – August 19, 2016

7

treatment notes reporting appropriate grooming, appropriate behavior and speech, appropriate judgment, cooperative attitude, goal-directed thought, and intact memory and orientation, despite 3/5 insight, depressed and/or anxious mood, and some thoughts of self-harm). While it is clear that plaintiff continued to suffer from mental health symptoms even after she discontinued substance abuse, and that her symptoms experienced periods of exacerbation as well as improvement during that time, the ALJ's findings concerning the resulting limitations in plaintiff's ability to perform work-related functions during the relevant period are supported by substantial evidence of record. In short, the ALJ does not appear to have overlooked or misunderstood the evidence generated during plaintiff's period of sobriety, or overstated the materiality of plaintiff's dependence on controlled substances with respect to her RFC.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that ALJ's decision was supported by substantial evidence and was not the product of reversible legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #10) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #18) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 12, 2020.